IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *
                                  *
v.                                *   Criminal No. JFM-02-0201
                                  *   Civil No. JFM-07-1808
                                  *
JAMES E. GROSS, SR.               *
                              *****

MEMORANDUM

James Elmer Gross, Sr. has filed a motion under 28 U.S.C. §2255. Though lengthy, the motion is entirely without merit. The arguments made by Gross need to be only summarily addressed.

1. Alleged Perjury of Government Witnesses.

Gross contends in his motion, as he has argued throughout these proceedings, that the numerous witnesses who testified against him committed perjury. It was entirely within the jury's province to make credibility determinations and by convicting Gross, the jury obviously found that in material respects the government's witnesses were telling the truth.

2. Alleged Misconduct by Attorneys for the Government.

There is no evidence in the record whatsoever that any of the attorneys for the government were guilty of any acts of misconduct.

3. Alleged Ineffective Assistance of Trial Counsel.

Richard Bittner, who represented Gross at trial, vigorously cross-examined the government's witnesses, and his performance met the objective standard of reasonableness required by the Constitution. See *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Makalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). To the extent that Gross accuses Bittner of

not having followed up on various requests made by Gross, Bittner has averred in an affidavit submitted in opposition to the present motion that "At no time did he [Gross] provide me with truthful information sufficient to develop a defense."

### 4. Alleged Ineffective Assistance of Appellate Counsel.

Gross also asserts that his appellate counsel, Francis Pommett, was ineffective in not raising issues that Gross thought should be raised. Pommett has likewise submitted an affidavit in response to the present motion in which he asserts that in his opinion the issues that Gross wanted to raise "would lose and were not worth pursuing." Moreover, the Fourth Circuit permitted Gross to file a pro se supplemental brief containing the arguments that Pommett chose not to raise. The Fourth Circuit summarily rejected these arguments. *United States v. Gross*, 199 Fed. Appx. 219, 2006 W.L. 1821196 at *228**4, n.2 (4th Cir.). Not only did the Fourth Circuit's action in this regard demonstrate the validity of Pommett's assessment, it also prevents Gross from raising any ineffective assistance claim now because, *ipso facto*, Gross cannot establish prejudice for the failure to raise arguments that have been found to be meritless. *See Strickland*, 466 U.S. at 694.

### 5. This Court's Alleged Denial of Gross' Alleged Request to Represent Himself.

Gross argues that during the trial he requested that this court permit him to represent himself. The transcript does not so reflect.[1] To the contrary, the transcript reflects only that the court denied requests made by Gross "to make counsel ask certain questions of witnesses" and, when this request was denied, to permit him to ask questions himself. In any event, even if

---

[1] To overcome this fact, Gross alleges a conspiracy in which the court reporter allegedly was involved to prepare an inaccurate transcript. This argument is unsubstantiated and without merit.

Gross had requested the court to permit him to represent himself, the court would have exercised its discretion not to grant to the request in light of the fact that the trial had already commenced. *See United State v. Singleton*, 107 F.3d 1091, 1099-1100 (4th Cir. 1997).

A separate order denying Gross' motion is being entered herewith.

Date: August 26, 2008            /s/
                                 J. Frederick Motz
                                 United States District Judge